**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Conway ARCHAMBEAU, Defendant and Appellant.**

**No. 13591.**

Supreme Court of South Dakota.

Considered on Briefs April 29, 1982.

Decided Aug. 11, 1982.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Lee A. Tappe, Platte, for defendant and appellant.

PER CURIAM.

This is an appeal from a conviction for aggravated assault. A jury found appellant guilty. We affirm.

Appellant was charged with assaulting Wes Carda as Carda and his friends were boating and fishing at a boat dock located on private land in Charles Mix County along the Missouri River. Carda's peaceful gathering was disrupted when appellant and his friends arrived in a car, passed around a half-gallon of whiskey, swam, used inciting language and jumped off the dock. As the disturbance continued, appellant removed a rifle from the car he had arrived in, raised the rifle and within a distance of approximately thirty feet fired

it directly over Carda's head. Carda testified, "[The gun was held at] such an angle that I thought I was shot. Or could have been." He saw a muzzleflash, heard a very loud shot, jumped and flinched. Carda also testified that he was in fear of his life at the time appellant fired. Appellant's attorney cross examined Carda with his testimony from the preliminary hearing where Carda essentially testified that the rifle was held at an elevation so that a shot would have missed his head.

Appellant was charged with a violation of SDCL 22–18–1.1(5) which provides:

"Any person who: ... (5) Attempts by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm; ... is guilty of aggravated assault."

Appellant contends that the court erred by refusing to give his proposed instruction which included his definition of the word "imminent." The State's proposed instruction, which also defined "imminent," was likewise refused. The court's own instruction included the following definition: "The word 'imminent' for the purposes of this case, means likely to happen at any minute." Appellant argues that this instruction did not adequately set forth the type of fear the victim must experience. We disagree. Although the definition is not a model instruction and we discourage its use by trial courts in this state, giving the instruction was not reversible error. We have held that refusing to give a proposed instruction is not error if the instructions given by the trial court fairly cover the law embodied in the requested instruction. *State v. Burtts*, 81 S.D. 150, 132 N.W.2d 209 (1964); see *State v. Grey Owl*, 295 N.W.2d 748 (S.D.1980). Black's Law Dictionary (1979) defines "imminent" as "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." The jury, however, was not given the dictionary definition. Nevertheless, we hold that the jury was able to understand the trial court's instruction which fairly embraced the meaning of the word. Thus, the trial court did not err in refusing appellant's instruction and giving its own definition of the word "imminent."

The judgment of conviction is affirmed.