2001 SD 141

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Adam WEBSTER, Defendant and Appellant.**

**No. 21775.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 1, 2001.

Decided Dec. 5, 2001.

Mark Barnett, Attorney General, Frank Geaghan, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Terry J. Sutton, Tracy J. Niemann of Sutton & Bauer, Watertown, South Dakota, Attorneys for defendant and appellant.

GORS, Acting Justice.

[¶ 1.] Adam Webster (Webster) appeals his conviction for grand theft by deception. Webster argues that the trial court improperly instructed the jury on direct and circumstantial evidence and that the State practiced unconstitutional gender discrimination when it used seven of its ten peremptory challenges to strike potential female jurors. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On May 18, 1999, Webster went to the Community First State Bank (Bank) in Clark, South Dakota, to open a checking account and to obtain a loan to buy a jet ski. After a credit check, the loan officer, Dave Hardie (Hardie), advised Webster that the Bank would need collateral. Hardie agreed to a lien on a 1992 Chevy Camaro convertible that Webster owned. Webster provided the title and brought a car to the Bank on May 24, 1999, for Hardie to inspect. Hardie saw no significant damage. However, Hardie did not compare the vehicle identification number on the car with the title. Webster also provided a serial number for the jet ski he proposed to purchase.

[¶ 3.] Hardie issued a cashier's check for $4,833 payable to Lonnie Holland for the jet ski. Webster's friend Holland cashed the check, kept $800 that Webster owed him and gave the balance to Webster. Webster made one payment on the loan before defaulting. The Bank learned that the 1992 Chevy Camaro convertible had been wrecked and was located at Nordstrom's Automotive in Garretson, South Dakota. The Bank sold the vehicle to Nordstrom's for $1,250. Webster did not purchase a jet ski with the loan and the serial number that Webster provided to the Bank was not valid.

[¶ 4.] At trial, the State contended that Webster actually showed Hardie a 1991 Chevy Camaro convertible owned by Darin Wendall, instead of the wrecked 1992 Camaro. Testimony was presented that Webster's 1992 Camaro had been wrecked on February 28, 1999, before the Bank loaned Webster the money. The 1992 Camaro had been towed to DeSmet where it remained until June 29, 1999, when it was picked up by Nordstrom's Automotive. Webster's mother testified that she saw Webster driving his 1992 Camaro after February 28 and that the car did not appear to have been wrecked. Mother's testimony was in direct conflict with Steven Anderson of Steve's Auto Body, who

stated that the Camaro was not drivable after February 28th.

[¶ 5.] The vehicle identification number on Darin Wendall's 1991 Camaro matched the title Webster provided to the Bank. Wendall had previously purchased the 1991 Camaro from Webster. Webster borrowed Wendall's car for the weekend of May 21, 1999. Webster returned the car to Wendall on May 24, 1999, about 5:30 p.m., the same day Webster showed a Camaro to Hardie at the Bank. At trial, the dispute was whether Hardie was shown Webster's 1992 Camaro or Wendall's 1991 Camaro.

[¶ 6.] Webster requested that the court give South Dakota Criminal Pattern Jury Instruction 1–14–1. Instead, the trial court gave a modified version. The trial court also denied Webster's challenge that the State's peremptory strikes of seven out of ten female jurors were unconstitutionally gender-biased. The jury returned a verdict of guilty of grand theft by deception. Webster appeals raising the following two issues:

1. Whether Webster was entitled to South Dakota Criminal Pattern Jury Instruction 1–14–1 on direct and circumstantial evidence.

2. Whether there was unconstitutional gender discrimination in the State's peremptory challenges of seven out of ten female jurors.

### STANDARD OF REVIEW

[¶ 7.] We review a trial court's refusal of a proposed instruction under an abuse of discretion standard. *State v. Black*, 494 N.W.2d 377, 381 (S.D.1993). "The trial court has broad discretion in instructing the jury." *State v. Rhines*, 1996 SD 55, 111, 548 N.W.2d 415, 443. Jury instructions are satisfactory when, considered as a whole, they properly state the applicable law and inform the jury.

*State v. Fast Horse*, 490 N.W.2d 496, 499 (S.D.1992) (citing *State v. Grey Owl*, 295 N.W.2d 748, 751 (S.D.1980)). Error in declining to apply a proposed instruction is reversible only if it is prejudicial, *State v. Gillespie*, 445 N.W.2d 661, 664 (S.D.1989), and the defendant has the burden of proving any prejudice. *State v. Corder*, 460 N.W.2d 733, 738 (S.D.1990). Further, to reverse a conviction for failure to give a proposed instruction, the defendant must show that the jury would have returned a different verdict if the proposed instruction was given. *State v. Knoche*, 515 N.W.2d 834, 838 (S.D.1994) (citing *State v. Stapleton*, 387 N.W.2d 28 (S.D.1986)). Absent such a showing, the trial court will not be reversed. *Knoche*, 515 N.W.2d at 838.

### ANALYSIS AND DECISION

[¶ 8.] **1. Whether Webster was entitled to South Dakota Criminal Pattern Jury Instruction 1–14–1 on direct and circumstantial evidence.**

[¶ 9.] Webster proposed South Dakota Criminal Pattern Jury Instruction 1–14–1 which provides:

Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true establishes that fact.

Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

It is not necessary that facts be proven by direct evidence. They may be proved also by circumstantial evidence or by a combination of direct and circumstantial evidence. The law makes no distinction between direct evidence and circumstantial evidence as a means of proof. Neither is entitled to any greater weight than the other.

Where the case of the state rests substantially or entirely on circumstantial evidence, you are not permitted to find the defendant guilty of the crime charged against him unless the proved circumstances are not only consistent with the guilt of the defendant, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.

If all the facts and circumstances shown can be reasonably accounted for upon any theory consistent with the innocence of the defendant, the jury must acquit the defendant.

The trial court refused Webster's requested instruction and gave the following modified instruction on direct and circumstantial evidence:

Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, establishes that fact.

Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

It is not necessary that the facts be proven by direct evidence. They may also be proven by circumstantial evidence or by a combination of direct and circumstantial evidence. The law makes no distinction between direct and circumstantial evidence as a means of proof. Neither is entitled to any greater weight than the other.

The trial court also gave an instruction on the presumption of innocence that provided:

It is a fundamental principle of our law that a defendant in a criminal case is presumed to be innocent. This presumption follows the defendant through-

out the trial and must continue unless you are satisfied from all the evidence beyond a reasonable doubt the defendant is guilty.

In addition, the trial court also gave an instruction on reasonable doubt that provided:

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

 [¶ 10.] A trial court is not mandated to use the South Dakota Pattern Criminal Jury Instructions. *State v. Latham,* 519 N.W.2d 68, 73 (S.D.1994). The trial court may draft its own instructions. *Id.* All that is required is that the jury instructions, read as a whole, correctly state the law and inform the jury. *Id.* (citing *State v. Schuster,* 502 N.W.2d 565, 568 (S.D.1993)).

 [¶ 11.] Neither the modified version of the circumstantial evidence instruction, nor the presumption of innocence instruction nor the reasonable doubt instruction contained the language, "If all the facts and circumstances shown can be reasonably accounted for upon any theory consistent with the innocence of the defendant, the jury must acquit the defendant." When the trial court denied Webster's proposed instruction, the trial court noted that this language "has been struck down by all federal jurisdictions that I've looked at and I think every other state [that] has taken the matter, has eliminated the language that I too have eliminated from this instruction." The trial court de-

cided that the combination of the modified circumstantial evidence instruction and the presumption of innocence and beyond a reasonable doubt instructions accurately stated the law.

[¶ 12.] In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the United States Supreme Court addressed a trial judge's refusal to instruct the jury that where the government's evidence is circumstantial, it must exclude every reasonable hypothesis other than that of guilt. While there is support for the "reasonable hypothesis of innocence" instruction in lower courts, "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." 348 U.S. at 139–40, 75 S.Ct. at 137, 99 L.Ed. at 166 (internal citations omitted). We agree.

[¶ 13.] Direct and circumstantial evidence have equal weight. *State v. Hall*, 353 N.W.2d 37, 42 (S.D.1984). In *State v. Hage*, 532 N.W.2d 406, 411 (S.D.1995), this Court recognized that sometimes circumstantial evidence may be more reliable than direct evidence. In this case, the jury was properly instructed. The court gave the jury two instructions on reasonable doubt and one instruction describing direct and circumstantial evidence.[1]

[¶ 14.] This Court has previously addressed refusal to submit South Dakota Criminal Pattern Jury Instruction 1–14–1

in *State v. Eagle Star*, 1996 SD 143, 558 N.W.2d 70. The defendant requested the pattern which the trial court refused. A modified version was given in the preliminary instructions. No post-trial instruction was given on direct and circumstantial evidence. This Court said the requested instruction should have been given post-trial and reversed. *Id.* at ¶ 20, 558 N.W.2d at 74–75. However, the issue in *Eagle Star* was not whether the jury instruction given was a misstatement of the law or misinformed the jury. Rather, this Court held that the trial court was required to instruct the jury on direct and circumstantial evidence during the *final* instructions.[2] *Id.*

[¶ 15.] The State argues that Webster's proposed instruction on direct and circumstantial evidence was not required because there was enough *direct* evidence for a conviction. The trial court is well situated to determine whether the facts of the case justify an instruction. Here the trial court decided to give an instruction on circumstantial evidence which indicates that the trial court found there was sufficient circumstantial evidence to justify an instruction. The trial court did not abuse its discretion.

[¶ 16.] **2. Whether there was unconstitutional gender discrimination in the State's peremptory challenges of seven out of ten female jurors.**

[¶ 17.] The State used seven of its ten peremptory challenges to strike females.

---

1. Another adequate jury instruction on direct and circumstantial evidence provides as follows:

 There are two types of evidence—direct and circumstantial. Direct evidence is based on actual knowledge or observation. If the witness actually saw an act occur, it is direct evidence. Circumstantial evidence, on the other hand, is indirect evidence or circumstances that indicate that some fact may or may not exist.

 There is no legal difference between direct and circumstantial evidence. Sometimes direct evidence may be more convincing and other times circumstantial evidence may be more convincing.

2. SDCL 23A–25–4 requires a trial court to instruct the jury as to the issues and the law of the case "[a]t the close of evidence...."

Webster argues that the State used its peremptory challenges on women because of the State's concern that women would show sympathy to a handsome young man.

[¶ 18.] In *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 146, 114 S.Ct. 1419, 1430, 128 L.Ed.2d 89, 107 (1994), the United States Supreme Court held that the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case solely because that person happens to be a man or a woman. The Supreme Court described the test for gender discrimination in *J.E.B.*:

> As with race-based *Batson* claims, a party alleging gender discrimination must make a prima-facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike. When an explanation is required, it need not rise to the level of 'for cause' challenge; rather it merely must be based on a juror characteristic other than gender, and the proffered explanation must not be pretextual.

*Id.* at 144–45, 1429–30, 106–07 (referring to *Batson v. Kentucky*, 476 U.S. 79, 97, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69, 88 (1986)).

[¶ 19.] At the time of trial, the court held that Webster had made a prima facie showing that the State may have removed the women for gender-biased reasons. The court then required the State to provide its reasons for exercising its peremptory challenges as to each of the women jurors. For every challenge Webster made, the court concluded that the State had provided a gender-neutral reason. In *State v. Farmer*, 407 N.W.2d 821, 823 (S.D.1987), this Court stated that the trial court's finding of purposeful discrimination was a finding of fact entitled to appropriate deference by the reviewing court. We review findings of fact under the clearly erroneous standard. *Zepeda v. Zepeda*, 2001 SD 101, ¶ 19, 632 N.W.2d 48, 55.

[¶ 20.] Webster has failed to show that the explanations offered by the State for its peremptory challenges were pretextual or lacked credibility. The State articulated gender-neutral reasons for striking each female juror in question. The first juror challenged was T.A. The state explained that her son's child had been taken away by the court system. The second juror was N.W. who had previously been prosecuted for DWI. The third and fourth jurors were A.O. and E.S., each of whom had a ninth grade education. The state explained that the trial was complex with detailed testimony about loans and collateral. The fifth juror was D.H. whose family had been continuously involved in legal problems for years. The sixth juror was H.G. She and her husband had past financial difficulty with banks and payment of loans. Defendant withdrew his gender-biased claim as to the state's peremptory challenge of the seventh female juror. The trial court found that each of the state's peremptory challenges was not gender-biased. The trial court was not clearly erroneous in its finding that the State's explanations were adequate.

[¶ 21.] Webster also argues that an abuse of discretion occurred because the trial judge did not demand that the State provide a gender-neutral reason immediately, but waited until after all the evidence had been presented on the second day of trial. Webster contends that this gave the State time to prepare gender-neutral explanations to comply with *J.E.B.* A similar argument was rejected in *State v. Gaitan*, 536 N.W.2d 11 (Minn.1995). The Minnesota Supreme Court refused to "adopt a bright line rule that if the prosecutor fails to immediately give the reasons

for exercising the peremptory challenge, the reasons may not be relied on." *Id.* at 16. The *Gaitan* Court declared that the trial court was "free to base its determination on all of the relevant factors." *Id.* We agree with the Minnesota Supreme Court and reject Webster's claim of gender-biased peremptory challenges.

[¶ 22.] We hold that South Dakota Criminal Pattern Jury Instruction 1–14–1 is a confusing and misleading statement of the law and should not be given after the date of this opinion. We affirm the trial court's refusal to give 1–14–1 and the use of a modified instruction on direct and circumstantial evidence. We also affirm the trial court's rejection of Webster's claim that the State practiced unconstitutional gender-biased discrimination in its peremptory challenges.

[¶ 23.] GILBERTSON, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.