2002 SD 148

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Larry DOWNING, Defendant and Appellant.**

**No. 22148.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 26, 2002.

Decided Nov. 26, 2002.

Mark Barnett, Attorney General, Patricia Archer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Bryan T. Andersen, Office of Public Defender, Rapid City, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Larry Downing appeals his conviction for grand theft. We affirm.

## FACTS

[¶ 2.] On May 17, 2001, Downing was apprehended after leaving a Rapid City department store with a DVD player concealed in his shopping cart. He was later charged in an information with one count of grand theft of property with a value exceeding five hundred dollars. *See* SDCL 22–30A–1; 22–30A–17(1).[1]

[¶ 3.] Downing's jury trial was on October 2, 2001. During trial, the State presented three witnesses who gave testimony bearing on the value of the DVD player stolen by Downing. The first witness, the senior employee in the department store's electronics department, testified as follows:

Q   And how much were you selling that DVD player for?

MR. ANDERSEN [defense counsel]: Objection, your Honor. May we approach?

THE COURT: You may.

***

THE COURT: Mr. Andersen, do you wish to object?

MR. ANDERSEN: Yes, your Honor.

THE COURT: Grounds?

MR. ANDERSEN: That the best—the best evidence rule would apply in this case and also the price is not relevant as to value.

THE COURT: Overruled.

Q   (By Mr. Harris [the prosecutor]) And how much were you selling that for?

A 529.99.

Q   On May 17, 2001?

A That's correct.

Q   Was that displayed anywhere?

A It's on the shelf in the electronics department.

MR. ANDERSEN: I would renew my objection, your Honor, based—

THE COURT: Your objection is preserved but overruled.

[¶ 4.] On cross-examination, the senior employee conceded that his duties did not include ordering or inventory control or pricing items in the electronics department. Rather, he testified that prices were established by shelf labels and signs issued by the company, that he had no control over the price of items and that his knowledge of the price of the DVD player came from reading the labels and signs provided by the company. The employee further testified that, at the time of the theft, the DVD players were a recent ar-

---

1.  SDCL 22–30A–1 provides:
     Any person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft.
     SDCL 22–30A–17(1) provides:
     Theft is grand theft, if:
     (1) The value of the property stolen exceeds five hundred dollars;

Theft in all other cases is petty theft. Grand theft is a Class 4 felony.
     A Class 4 felony is punishable by up to ten years in prison and/or a fine of up to ten thousand dollars. SDCL 22–6–1(6).

rival and that none had been sold before the theft.

[¶ 5.] The State next presented testimony from the department store's human resources manager. The human resources manager formerly worked as a loss prevention officer and as head of store security. On redirect examination, the human resources manager testified that, on the day of the theft, the DVD player stolen by Downing was selling for "approximately 525 to $529."

[¶ 6.] The third witness presented by the State was the store's loss prevention officer. On cross-examination, the loss prevention officer testified that, as of the date of Downing's theft, the store had received three DVD players of the type stolen by Downing and that none had been sold as of that date.

[¶ 7.] After presentation of all of its witnesses, the State rested and defense counsel indicated he had no witnesses to offer. Proceedings continued outside the presence of the jury. Defense counsel moved to strike the testimony on the price of the DVD player on the grounds that it was hearsay, that the best evidence rule required production of the signs on which the testimony was based and that price was not relevant evidence as to the value of the DVD player. The trial court denied the motion to strike and defense counsel moved for a judgment of acquittal on similar grounds. The acquittal motion was also denied on the basis that there was sufficient evidence to establish the value of the DVD player. The trial court then proceeded to settle jury instructions. Defense counsel proposed an instruction that price tags alone do not sufficiently prove the market value of merchandise and the trial court rejected the instruction.

[¶ 8.] After settlement of the jury instructions, the trial resumed in the presence of the jury with the reading of the instructions and closing arguments. The jury retired for deliberations and later returned a verdict finding Downing guilty of grand theft. Downing was sentenced to three years in the penitentiary and this appeal followed.

## ISSUE ONE

[¶ 9.] **Did the trial court abuse its discretion in admitting the store employees' testimony as to the sale price of the DVD player?**

[¶ 10.] Downing argues that the trial court abused its discretion in admitting the testimony of the senior employee in the electronics department to establish the sale price of the DVD player. Trial courts retain broad discretion in ruling on the admissibility of testimony and decisions to admit or exclude testimony will not be reversed absent a clear showing of abuse of discretion. *See State v. Guthrie*, 2001 SD 61, ¶ 30, 627 N.W.2d 401, 414. "When a trial court misapplies a rule of evidence, as opposed to merely allowing or refusing questionable evidence, it abuses its discretion." *Id.*

[¶ 11.] Downing contends that the trial court abused its discretion in admitting the senior employee's testimony because it was based upon price labels and signs provided by the company and the labels and signs themselves should have been admitted as the best evidence of price. In support of his argument, Downing cites the best evidence rule codified in SDCL 19-18-2 (FedREvid 1002): "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in chapters 19-9 to 19-18, inclusive, or by rules adopted by the Supreme Court of this state or by statute."

[¶ 12.] Downing's argument represents a common misunderstanding of

the best evidence rule mentioned by this Court in *State v. Lang,* 354 N.W.2d 723, 725 (S.D.1984):

> Appellants simply misconstrue the purpose and effect of the best evidence rule. The rule does not set up an order of preferred admissibility, which must be followed to prove any fact. It is, rather, a rule applicable only when one seeks to prove the contents of documents or recordings. FedREvid 1002. (quoting *United States v. Gonzales–Benitez,* 537 F.2d 1051, 1053 (9thCir.1976)).

"The [best evidence] rule is inapplicable when content is not at issue." 6 Jack B. Weinstein et al., Weinstein's Federal Evidence § 1002.05[1] (2d ed 2002). Thus, in *Jackson v. Crews,* 873 F.2d 1105, 1110 (8thCir.1989), the United States Court of Appeals for the Eighth Circuit held that the district court did not err in allowing a party to question one of his witnesses about the contents of a flyer without producing the flyer as the best evidence of its contents. As to that issue, the Court of Appeals observed that the best evidence rule "only applies if the party offering the evidence is seeking to prove the contents of the writing. In the instant case [the party] was not trying to prove the contents of the flyer. Therefore, [the best evidence rule] does not apply." *Jackson,* 873 F.2d at 1110 (citations omitted).

[¶ 13.] Here, the State was not trying to prove the contents of the department store's price labels and signs. The content of the labels and signs was not in dispute. Rather, the State was attempting to show how the testifying employee learned of the price of the DVD player. The best evidence rule was, therefore, inapplicable, and the trial court committed no abuse of discretion in overruling Downing's objec-

tions to the employee's testimony on that foundation.

[¶ 14.] Downing also argues that the trial court abused its discretion in admitting testimony as to the sale price of the DVD player because price is irrelevant in establishing value for purposes of a grand theft prosecution. In that vein, Downing points out that the testifying store employees admitted that no DVD players were actually sold by the time of the theft at the price indicated on the labels and signs.

[¶ 15.] With regard to value as an element in theft or larceny prosecutions, this Court has held that:

> It is well settled that when a statute delineates a specific dollar amount as the differentiation between petit and grand larceny, proof of the value of the item(s) stolen in excess of the statutory amount is an essential element of the crime[.] .... 
>
> It is also well settled that the determination of said value is strictly within the province of the jury....
>
> To aid the jury in determining value, the courts have offered various tests for the determination of value as used in statutes distinguishing between petit and grand larceny and other similar statutes involving theft of property. The most widely accepted test is the "fair market value" test. This test provides that the value to be proved is the fair market value at the time and place of the theft.

*State v. Jacquith,* 272 N.W.2d 90, 92 (S.D. 1978) (citations omitted).

[¶ 16.] In support of his argument over price as evidence of value, Downing relies on the Nebraska Supreme Court's decision in *State v. Garza,* 241 Neb. 256, 487 N.W.2d 551 (1992).[2] *Garza* involved the

---

**2.** Downing also cites this Court's decision in *State v. Larkin,* 87 S.D. 61, 202 N.W.2d 862

(1972) where the trial court struck testimony concerning the value of some stolen merchan-

theft of several articles of clothing from a department store. To establish the value of the clothing in a prosecution for felony shoplifting, the state offered testimony from the department store's assistant manager based upon the price or sales tag for each item taken by the defendant. The defendant offered no evidence and was convicted of the felony offense. On appeal, the Nebraska court identified a distinction between price and value and held that price tags alone are insufficient to establish the value of property in a theft prosecution. The Nebraska court further held that testimony directed toward price tags on articles taken is irrelevant to the issue of value and should be excluded. *Garza*, 487 N.W.2d at 557. *Garza* has subsequently been interpreted by the Nebraska courts as holding that, "value is established by evidence concerning the price at which property identical or reasonably similar to the property stolen is offered for sale *and sold* in proximity to the site of the theft." *State v. Mohr*, 10 Neb.App. 442, 632 N.W.2d 382, 388 (2001)(emphasis original).

[¶ 17.] Notwithstanding the Nebraska Supreme Court's apparent condemnation of the admission of price as evidence of value, the very same court also acknowledged in *Garza* that:

This is not to say or be construed as saying, however, that a price tag, reflecting a seller's expression of the price for a sale, is never evidence of value. Evidence of price, when determined by and reflective of current market conditions for the sale of an item, may be admissible on the issue of value.

*Garza*, 487 N.W.2d at 557. Other courts have taken an even more favorable view of the role of price in establishing value. A good analysis of the issue appears in *People v. Irrizari*, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959) where the New York Court of Appeals considered whether wholesale value or retail value should be the standard for determining the market value of merchandise stolen from a department store. The New York court concluded:

market value, as the term is used in section 1305, denotes not the value of the goods in the market in which the owner had purchased them or in which he could replace them, but the value in the market in which the goods were being traded, namely, the price at which they would probably have been sold in the regular course of business at the time when and place where they were stolen. And so, we note, the courts have held in a number of other jurisdictions where market value is likewise the criterion for determining the value of stolen property.

Where, then, the property is stolen from a department store, the price at which it is there listed ordinarily reflects its market value. We do not, of course, mean to imply that such price is necessarily conclusive. The vital finding which the jury must make is the price at which the property would have been sold if it had not been stolen, and any evidence bearing on that question may properly be considered. It would be open to the accused to show, for instance, that the list price was much higher than the price being paid for similar merchandise

dise from the record because it was based upon a store employee's reading from the price tags attached to the items. *Larkin*, however, provides no guidance on this issue as the propriety of the trial court's ruling was not considered. Rather, on the appellant's

sufficiency of the evidence argument, this Court looked to the other evidence of value contained in the record and found sufficient evidence to sustain the appellant's grand larceny conviction.

in the vicinity, for such evidence bears on whether the goods would actually have found buyers at list price even in the store from which they had been taken.

In the case before us, however, no such qualifying circumstances were presented, and it would have been sufficient had the trial judge simply charged the jury to consider the prices at which the stolen garments were listed for sale.

*Irrizari*, 182 N.Y.S.2d 361, 156 N.E.2d at 71(citations omitted). *See also Emshwiller v. State*, 462 So.2d 457, 458 (Fla.1985)(jury instruction in grand theft case equating market value with retail price upheld); *State v. King*, 164 N.J.Super. 330, 396 A.2d 354, 356 (N.J.Super.Ct.App.Div.1978)(proof of actual sales price adequate to support prima facie case of larceny of property valued in excess of $200); *Norris v. State*, 475 S.W.2d 553, 555 (TexCrimApp 1971)(evidence of retail price sufficient circumstantial evidence of value, where uncontradicted, to support larceny conviction).

■ [¶ 18.] The Minnesota Supreme Court has endorsed a view of the role of price in establishing value very similar to that followed by the New York court in *Irrizari, supra*. In *State v. McDonald*, 312 Minn. 320, 251 N.W.2d 705, 707 (1977), the court observed:

The value of a mass-marketed item taken from a retail store is not necessarily the value of the item in the market in which the owner of the store purchased it but the value in the market in which the item was being sold. Although testimony as. to the price on the price tag ordinarily would be sufficient to justify a finding that that was the retail market value of the item taken, it is not conclusive, for the price charged by the store from which the item is taken may not accurately reflect the market value of

the item. A defendant is free to introduce direct and circumstantial evidence bearing on the value of the item in the retail market and thus, as here, may call other witnesses to testify that other stores sell the item for less; or he may introduce evidence suggesting that the item does not have much of a market any more as, for example, where an item has been on the shelf unsold for a long time. (citations omitted).

[¶ 19.] These authorities support the general view that,

[e]vidence of the retail price of stolen goods has been held to be competent evidence of market value, especially where the items were being sold over the counter on a more-or-less daily basis and there was· nothing to indicate that the retail price was higher than the true market value.

50 AmJur2d *Larceny* § 152 (2002). This view is far more consistent than *Garza* with the prior holdings of this Court that, "opinion testimony of the owner of stolen goods, not otherwise an expert, is admissible to establish the value of said stolen goods," and is, "sufficient without more to support the jury's determination of value." *State v. Davis*, 401 N.W.2d 721, 723 (S.D.1987)(citing *United States v. McGinnis*, 783 F.2d 755 (8thCir.1986)). *Accord State v. Iron Necklace*, 430 N.W.2d 66, 81 (S.D.1988). Certainly, a price tag is representative of a store owner's opinion as to the value of goods offered for sale and, like any other expression of such opinion, it should be admissible to establish the value of stolen goods and to support a jury's determination of value. That is particularly true in a case such as this where there is nothing to indicate that the retail price of the item taken was higher than the true market value.

. [¶ 20.] Based upon the foregoing, the trial court committed no abuse of discre-

tion in admitting the testimony of the store employees as to the price of the DVD player stolen by Downing.

## ISSUE TWO

**[¶ 21.] Did the trial court err in denying Downing's motion for a judgment of acquittal?**

[¶ 22.] Downing argues that the trial court erred in denying his motion for a judgment of acquittal because the State failed to present sufficient evidence to establish the value of the DVD player stolen by him.

> The standard of review for denial of a motion for judgment of acquittal is whether the "evidence was sufficient to sustain the convictions." "When reviewing sufficiency of the evidence, this [C]ourt, considers the evidence in a light most favorable to the verdict." "A guilty verdict will not be set aside if the state's evidence and all favorable inferences that can be drawn therefrom support a rational theory of guilt." "We do not resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of an explanation, or weigh the evidence."

*State v. Verhoef,* 2001 SD 58, ¶ 22, 627 N.W.2d 437, 442 (citations omitted)(quoting *State v. Karlen,* 1999 SD 12, ¶ 49, 589 N.W.2d 594, 605).

[¶ 23.] In support of his contentions as to the denial of his acquittal motion, Downing relies on the same arguments over price as evidence of value as are set forth under Issue One. For the same reasons those arguments failed there, they also fail here. Under the authorities cited above, price can provide adequate evidence of value to sustain a grand theft prosecution, particularly in the absence of any contrary evidence of value. *See e.g. Irrizari, supra; McDonald, supra.*

Thus, the trial court did not err in denying Downing's motion for a judgment of acquittal based upon insufficiency of the evidence to establish value.

## ISSUE THREE

**[¶ 24.] Did the trial court abuse its discretion in refusing Downing's proposed jury instruction regarding price tags as evidence of value?**

[¶ 25.] As his last issue, Downing argues that the trial court abused its discretion in refusing the following jury instruction he proposed on price tags as evidence of value:

> Price tags alone do not sufficiently prove value of merchandise. A price tag expresses merely the amount at which a seller offers an article for sale, a sum the seller hopes to obtain, and does not necessarily indicate the amount obtainable in the market through payment for the article offered for sale.

[¶ 26.] This Court's standard of review for the refusal of a proposed jury instruction is well settled:

> We review a trial court's refusal of a proposed instruction under an abuse of discretion standard. "The trial court has broad discretion in instructing the jury." Jury instructions are satisfactory when, considered as a whole, they properly state the applicable law and inform the jury. Error in declining to apply a proposed instruction is reversible only if it is prejudicial and the defendant has the burden of proving any prejudice. Further, to reverse a conviction for failure to give a proposed instruction, the defendant must show that the jury would have returned a different verdict if the proposed instruction was given. Absent such a showing, the trial court will not be reversed.

*State v. Webster*, 2001 SD 141, ¶ 7, 637 N.W.2d 392, 394 (citations omitted).

[¶ 27.] Downing's proposed instruction was adapted from the Nebraska Court of Appeal's decision in *State v. Ybarra*, 9 Neb.App. 230, 609 N.W.2d 696 (2000) which was premised on the Nebraska Supreme Court's decision in *Garza, supra*. For the reasons previously discussed, we reject *Garza* as representing a correct statement of the law in South Dakota on proof of value in a grand theft prosecution. It is axiomatic that there can be no abuse of discretion in the refusal of a proposed jury instruction that does not represent a correct statement of the law. *See e.g. State v. Rhines*, 1996 SD 55, ¶ 111, 548 N.W.2d 415, 443 (to warrant reversal, refusal of instruction must be refusal of an "appropriate instruction" and refusal must unfairly prejudice defendant).

[¶ 28.] Jury instructions *are* adequate when they properly state the applicable law and inform the jury. *Webster, supra.* Here, the jury was given the following instruction as to proof of value:

> When the value of property alleged to have been taken by theft must be determined, the reasonable and fair market value at the time and in the locality of the theft shall be the test. Fair market value is the highest price, estimated in terms of money, for which the property would have sold in the open market at the time and in that locality, if the owner was desirous of selling, but under no urgent necessity of doing so, if the buyer was desirous of buying but under no urgent necessity of doing so, if the seller had a reasonable time within which to find a purchaser, and if the buyer had knowledge of the character of the property and of the use to which it might be put.

This instruction states, "in essence, the 'fair market value test,'" this Court ap-

proved in *Jacquith*, 272 N.W.2d at 93, as the appropriate test for the value of stolen property in a grand larceny prosecution. As such, it correctly states the applicable law in South Dakota on this topic. Therefore, the trial court committed no abuse of discretion in refusing Downing's proposed jury instruction on the same topic that was premised on conflicting law from the State of Nebraska.

[¶ 29.] Affirmed.

[¶ 30.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, participating.

[¶ 31.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.