2004 SD 15

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Duane J. ST. JOHN, Defendant and Appellant.**

No. 22774.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 2003.

Decided Feb. 4, 2004.

Lawrence E. Long, Attorney General, Frank Geaghan, Assistant Attorney General, Pierre, Attorneys for plaintiff and appellee.

Jeremiah J. Davis, Pennington County Public Defender's Office, Rapid City, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Duane St. John appeals his conviction for aggravated assault. We affirm.

FACTS

[¶ 2.] St. John was a thirty-four-year-old resident of Rapid City with a severe alcohol problem. Early on the morning of June 22, 2002, he arrived home in an extremely intoxicated condition after a night of partying. His noisy attempts to find something to eat woke up his live-in girlfriend and the two quarreled. The girlfriend called the police and officers Nustad and Dennis responded to the call.

[¶ 3.] Officer Nustad was the first officer on the scene. In order to separate the quarreling couple and evaluate the situation, Nustad had St. John step outside the residence and sit in the back of his patrol car. In the meantime, Officer Dennis arrived and spoke to St. John's girlfriend by the front door of the residence. Officer Nustad joined the conversation and advised the girlfriend that the best option was to take St. John to Detox. Nustad then returned to his patrol car and told St. John that he was going to take him to Detox. St. John replied, "Okay, let's go." At that point, Officer Dennis approached the patrol car and told Nustad that St. John had some car keys that his girlfriend needed. Nustad opened the car door and asked St. John for the keys. St. John quickly got out of the vehicle, stood up, pulled the keys out of his right front pocket and then, in one continuous motion, stepped forward and punched Nustad in the chest with his right hand. Although

he was taken by surprise, Nustad was able to step back and block another punch thrown by St. John. Nustad then pulled out his pepper spray and sprayed St. John in the face. By that time, Officer Dennis had come to Nustad's aid and the two officers repeatedly instructed St. John to get down on the ground. St. John ignored their instructions and resisted their efforts to handcuff him. Eventually the officers wrestled St. John to the ground, handcuffed him behind his back, placed him in the patrol car and transported him to the county jail.

[¶ 4.] As a result of these events, St. John was charged with one count of aggravated assault under SDCL 22–18–1.1(3):

Any person who:

* * *

(3) Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of the officer's duties;

* * *

... is guilty of aggravated assault. Aggravated assault is a Class 3 felony.

[¶ 5.] St. John's jury trial was on January 29, 2003 and the jury returned a guilty verdict. The trial court suspended the execution of an eight year penitentiary sentence and placed St. John on probation on various terms and conditions including 180 days confinement in the county jail. St. John appeals.

## ISSUE

[¶ 6.] **Did the trial court err in instructing the jury?**

[¶ 7.] Given the absence of any evidence of actual bodily injury to a law enforcement officer, St. John's counsel moved at the close of all the evidence that the case be submitted to the jury only on the question of whether St. John *attempted* to cause bodily injury to an officer. *See* SDCL 22–18–1.1(3). The trial court was initially reluctant to narrow the jury instructions, but eventually struck any proposals requiring a showing of actual bodily injury to a law enforcement officer. St. John's counsel then proposed instructions on specific intent and diminished capacity. These proposals were rejected by the trial court on the basis that aggravated assault is a general intent crime. St. John argues that the trial court committed reversible error in rejecting his proposed jury instructions because the attempt element of SDCL 22–18–1.1(3) makes it a specific intent crime.

[¶ 8.] This Court reviews the refusal of proposed jury instructions under the abuse of discretion standard. *See State v. Downing,* 2002 SD 148, ¶ 26, 654 N.W.2d 793, 800 (citing *State v. Webster,* 2001 SD 141, ¶ 7, 637 N.W.2d 392, 394). Trial courts have broad discretion in instructing the jury and their instructions are satisfactory when, as a whole, they properly state the applicable law and inform the jury. *Id.*

[¶ 9.] The sufficiency of the jury instructions here turns on whether aggravated assault by attempting to cause bodily injury to a law enforcement officer is a specific or general intent crime. The law of specific versus general intent in the context of aggravated assault under SDCL 22–18–1.1 is relatively well-settled.

[¶ 10.] In *State v. Rash,* 294 N.W.2d 416 (S.D.1980), the defendant, like St. John, arrived at his home in a drunken stupor and engaged in a physical confrontation with his wife that resulted in her hospitalization. The defendant was convicted of aggravated assault under SDCL 22–18–1.1(1), attempting to cause or caus-

ing bodily injury to another under circumstances manifesting extreme indifference to the value of human life. During trial, the defendant proposed jury instructions on specific intent that were refused by the trial court. On appeal, the defendant argued that the word "attempts" in SDCL 22–18–1.1(1) required the State to prove that he had a specific criminal desire or intent. This Court disagreed observing that "attempt" merely meant that the defendant's acts unequivocally demonstrated that a crime was about to be committed. The Court further observed that the Legislature may forbid the doing of an act and make its commission a crime without regard to intent and that it left any words referring to a specific intent out of the statute. Accordingly, the Court concluded that specific intent on the part of the defendant was not an essential element of aggravated assault under SDCL 22–18–1.1(1) and that an instruction on specific intent was not required.

[¶ 11.] *Rash* was closely followed in *State v. Schmiedt*, 525 N.W.2d 253 (S.D. 1994). *Schmiedt* also involved officers summoned to a domestic disturbance. On their arrival, the defendant made various threatening comments and began walking around the house carrying a handgun that he had kept within his reach. The defendant was later charged with aggravated assault under SDCL 22–18–1.1(5), attempting by physical menace with a deadly weapon to put another in fear of bodily harm. The defendant requested a jury instruction on specific intent which was refused by the trial court. On appeal, the defendant argued that the word attempt in SDCL 22–18–1.1(5) required a showing of specific intent. This Court followed *Rash* and concluded:

> The same rationale is applicable to SDCL 22–18–1.1(5)("attempts by physical menace with a deadly weapon to put another in fear of imminent serious bodi-

ly harm.") It is silent as to intent and the only intent necessary is a general intent to try to put someone in fear by physical menace with a deadly weapon.

*Schmiedt*, 525 N.W.2d at 256.

[¶ 12.] *State v. Barrientos*, 444 N.W.2d 374 (S.D.1989) involved a charge of aggravated assault under SDCL 22–18–1.1(2), attempting to cause or knowingly causing bodily injury with a dangerous weapon. On appeal, the defendant questioned whether conviction under the "knowingly causes" portion of the statute required proof of a specific intent. Noting that the statute prescribed no additional mental state beyond the "knowledge" required to accompany the act causing bodily injury, the Court concluded that aggravated assault under the provision was a general intent crime. *Barrientos*, 444 N.W.2d at 376. That determination was reaffirmed in *State v. Latham*, 519 N.W.2d 68, 72 (S.D.1994) where this Court upheld a trial court determination that SDCL 22–18–1.1(2) contains no intent requirement.

[¶ 13.] In each of the foregoing cases, this Court held that aggravated assault was a general intent crime despite statutory language making an attempt an element of the offense. We reached this result because of the absence of any additional mental state required by the applicable statutory provisions. SDCL 22–18–1.1(3) also fails to require any additional mental state. Thus, SDCL 22–18–1.1(3) defines only a general intent crime. Because aggravated assault under SDCL 22–18–1.1(3) is only a general intent crime, jury instructions on specific intent and diminished capacity in this case would have been inappropriate. *See State v. Primeaux*, 328 N.W.2d 256, 259 (S.D.1982). The trial court committed no abuse of discretion in refusing them.

[¶ 14.] Affirmed.

[¶ 15.]  GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.