2005 SD 119

**The PEOPLE of the State
of South Dakota**

**In the Interests of R.L.G., Minor Child,**

**and**

**concerning D.G., Respondent Mother,
and R.G., Respondent Father.**

**No. 23681.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 7, 2005.

Decided Dec. 7, 2005.

Lawrence E. Long, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellee State of South Dakota.

Tressa Zahrbock, Minnehaha County Public Defender, Sioux Falls, South Dakota, Attorneys for appellant R.L.G.

PER CURIAM.

[¶ 1.] R.L.G. appeals his adjudication as a delinquent child for engaging in conduct that constituted the offense of simple assault under SDCL 22–18–1(4). We reverse.

## FACTS

[¶ 2.] R.L.G. was a fifteen-year-old male high school student in Sioux Falls, South Dakota. R.L.G. was six-foot-five inches tall and weighed over two-hundred pounds at the time of this incident.

[¶ 3.] On November 5, 2004, R.L.G. disrupted a presentation during biology class by crunching snack food and making noise with the wrapper. The female biology teacher, Michele Jensen, requested that he stop disrupting class. R.L.G. made a "smart aleck" comment to her and was sent to the principal's office. After R.L.G. left the classroom, Jensen expressed her reasoning for his removal to the other students. R.L.G. subsequently became aware of Jensen's remarks.

[¶ 4.] At the end of the school day R.L.G. returned to Jensen's classroom. She was in the room alone and seated at her computer. R.L.G. "just stood in the doorway" approximately five feet away from Jensen and "scolded" her for talking about him behind his back to the other students. R.L.G. then turned, left the classroom and walked away. When asked how she felt, Jensen testified she "felt bad" and was "surprised that he would come back." She also felt confronted and nervous. Nevertheless, Jensen followed R.L.G. in an attempt to resolve the situation. She followed him into the hallway to try and explain what had occurred that day and the "conversation" continued. She then instructed R.L.G. to go into another classroom so they could talk. R.L.G. complied but continued to "yell at her" concerning her talking about him in his absence. Although another teacher was present in this second classroom, Jensen testified she felt intimidated by the way R.L.G. was standing and yelling. She also

described R.L.G. as defiant. This second exchange lasted three or four minutes while R.L.G. stood approximately a foot away from Jensen.

[¶ 5.] The other teacher observed the verbal exchange and was ready to call the principal's office. However, before she could do so Jensen and R.L.G. left the classroom together and continued the "discussion" until they arrived at the principal's office. Jensen testified that at this point R.L.G. was "really angry," but they tried to get him a chair so they "could all just calmly talk about what was going on." Jensen was also visibly upset. A police officer assigned to the high school overheard the exchange and went to the principal's office. At this time R.L.G. was seated and arguing with an assistant principal about his punishment. R.L.G. was angry with the assistant principal, and Jensen indicated she was afraid of the situation. However, R.L.G. never threatened Jensen or made physical contact with her and she testified she did not think he would. R.L.G. was later suspended from school for three to five days. He also returned to Jensen's class and apologized to her.

[¶ 6.] A delinquency petition was filed alleging R.L.G. engaged in conduct constituting the offense of simple assault under SDCL 22–18–1(4) by "attempting by physical menace to put [] Jensen in fear of imminent serious bodily harm by verbal and aggressive behavior." The trial court found that R.L.G. "committed the delinquency of simple assault by attempting through physical menace to put [] Jensen in fear of imminent serious bodily harm." R.L.G. was adjudicated a delinquent child and committed to the care of the Department of Corrections.

## ANALYSIS

### STANDARD OF REVIEW

■■■ We review the juvenile court's findings of fact under the clearly erroneous standard. Clear error is shown only when, after a review of all the evidence, we are left with a definite and firm conviction that a mistake has been made. The trial court's findings of fact are presumed correct and we defer to those findings unless the evidence clearly preponderates against them. Conclusions of law, however, are reviewed de novo.

In reviewing the sufficiency of the evidence, we determine whether there is evidence in the record which, if believed by the fact finder, is sufficient to sustain a finding of guilt beyond a reasonable doubt. We will not reweigh or resolve conflicts in the evidence, nor will we pass on the credibility of witnesses. Therefore, we must accept that evidence, and the most favorable inferences to be fairly drawn therefrom, which will support the verdict.

*In re S.J.N–K*, 2002 SD 70, ¶¶ 7–8, 647 N.W.2d 707, 710 (internal citations omitted).

### ISSUE

[¶ 7.] **Whether the juvenile court erred in adjudicating R.L.G. a delinquent child.**

■■ [¶ 8.] R.L.G. was adjudicated a delinquent child for engaging in conduct that constituted simple assault within the meaning of SDCL 22–18–1(4).[1] That statute provides that any person who "[a]ttempts by physical menace to put another in fear of imminent serious bodily harm, with or without the actual ability to seri-

---

1. A "delinquent child" is generally any child ten years or older who violates a law for which there is a penalty of a criminal nature for an adult. SDCL 26–8C–2.

ously harm the other person," is guilty of simple assault. The elements of this offense required proof that (1) R.L.G. attempted by physical menace; (2) to put Jensen in fear of imminent serious bodily harm; (3) regardless of whether he had the actual ability to seriously harm.

▆▆▆▆ [¶ 9.] "The gravamen of the offense is the *attempt*[2] to put a person in fear of imminent[3] serious bodily harm." *State v. LaCroix*, 423 N.W.2d 169, 170 (S.D.1988)(interpreting similar language for attempted aggravated assault). An "attempt" is committed when a person does "any act toward the commission of the crime, but fails or is prevented or intercepted in the perpetration thereof." *State v. Schmiedt*, 525 N.W.2d 253, 255 (S.D.1994). To constitute an attempt "the defendant's acts [must] unequivocally demonstrate [] that a crime was about to be committed." *State v. St. John*, 2004 SD 15, ¶ 10, 675 N.W.2d 426, 428. This requires "some overt act" toward commission of the assault. *State v. Winckler*, 260 N.W.2d 356, 361 (S.D.1977).

[¶ 10.] The attempt must also occur through "physical menace." *See* SDCL 22–18–1(4). This Court has not addressed this element of the assault statutes. However, other courts addressing this issue have determined that "physical menace" necessarily requires more than words: there must be some physical act on the part of the defendant. *See People v. Sylla*, 7 Misc.3d 8, 792 N.Y.S.2d 764, 766 (2005); *McDonald v. State*, 784 So.2d 261, 267 (Miss.App.2001) (Southwick, J., concurring).[4]

[¶ 11.] In this case, the State contends that an attempted physical menace occurred through R.L.G.'s raised voice, his physical size, and his proximity to the smaller teacher. However, the trial court's only findings of fact on this issue were:

14. [R.L.G.] was one foot away from []Jensen, he stood bent towering over her and continued to yell at her. This went on for three or four minutes.

15. Jensen was intimidated by [R.L.G.].

16. Jensen was unsure whether [R.L.G.] would physically hurt her.

[¶ 12.] Moreover, the record indicates that R.L.G. never physically touched Jensen and never threatened (either verbally or by action) to physically harm her. Instead, the record reflects that after the initial encounter, Jensen followed R.L.G. to discuss the situation further. She then directed him from the hallway into another classroom. The offense allegedly occurred when R.L.G. stood approximately a foot away from Jensen as they stood in the doorway of that classroom while the other teacher sat at her desk. R.L.G.'s height and weight were apparently the most significant factors in the trial court's conclusion that R.L.G. was intimidating the smaller teacher. However, in order to sustain a conviction under SDCL 22–18–1(4), R.L.G. must have attempted to use this advantage as a physical menace to

---

2. "Actual fear of imminent serious bodily harm is not an essential element of the offense." *LaCroix*, 423 N.W.2d at 170 (citation omitted).

3. "Imminent" has been defined as "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *State v. Archambeau*, 322 N.W.2d 879, 880 (S.D.1982).

4. State concedes that "to put another in fear 'by physical menace,' the defendant must have committed a physical act." Brief for State at 6, *Interest of R.L.G.*, 2005 SD 119, 707 N.W.2d 258, 2005 WL 3315511.

place Jensen in fear of imminent serious bodily harm. And, those facts are not present in the trial court's findings or in the record.

[¶ 13.] There is simply no evidence that the verbal altercation included threats of imminent serious bodily harm or an attempt to engage in such conduct. Instead, R.L.G. simply persisted in angrily shouting that Jensen not talk about him behind his back. There was no indication he took any step or overt act that could be perceived as an attempt to assault Jensen. On the contrary, Jensen testified that R.L.G. did not walk towards her. They just stood together in the doorway and the only time he moved was to leave and "not to hurt [her]." Furthermore, the record indicates that Jensen did not believe that R.L.G. would physically harm her. Jensen specifically testified that she did not think R.L.G. would hit her, he did not threaten her, and she was not afraid for her safety. When asked if R.L.G. could return to her class after this incident, she testified "I don't think I feared for my safety" in taking him back. Although actual fear was not necessary, this testimony was clearly relevant in assessing whether an attempt to assault occurred through the tone of the encounter and the posture of the parties.

[¶ 14.] In sum, there is no question that R.L.G. engaged in an inappropriate verbal confrontation with his teacher and he was suspended from school as a result of those actions. However, his conduct did not constitute criminal simple assault because there was no record evidence of an attempt, by physical menace, to place Jensen in fear of serious imminent harm. Neither the evidence nor the trial court's findings support a violation of SDCL 22–18–1(4) beyond a reasonable doubt.

[¶ 15.] Reversed.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.