2005 SD 62

**Richard CRUTCHFIELD, Petitioner and Appellant,**

v.

**Douglas WEBER, Warden of the South Dakota State Penitentiary, Respondent and Appellee.**

**No. 23157.**

Supreme Court of South Dakota.

Considered on Briefs April 25, 2005.

Decided May 18, 2005.

James A. Eirinberg, Sioux Falls, SD, for petitioner and appellant.

Lawrence E. Long, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, SD, for respondent and appellee.

SABERS, Justice.

[¶ 1.] Richard Crutchfield (Crutchfield) filed a second habeas corpus action claiming that his first habeas counsel was ineffective. The trial court found that Crutchfield failed to show that his first habeas counsel was ineffective. Crutchfield appeals and we dismiss.

### Facts

[¶ 2.] Crutchfield pleaded guilty to one count of sexual contact with a child, after an incident with a thirteen-year-old girl that occurred on April 26, 1996. Crutchfield was sentenced to twelve years in prison. He was represented in the trial court by Gary Blue (Blue). Crutchfield filed a timely Notice of Appeal pro se, but failed to file an appellate brief. After the time allowed for filing the brief expired, this Court considered the case to be abandoned and dismissed the appeal.

[¶ 3.] On October 20, 1998, Crutchfield filed his first application for a writ of habeas corpus. Jerry Pollard (Pollard) was appointed to represent Crutchfield. The petition alleged that Blue provided ineffective assistance of counsel, based on three grounds: 1) Blue allowed the use of a partially inaudible tape to establish a factual basis for Crutchfield's guilty plea; 2) Blue failed to object to the State referring to a particular police interview; and 3) Blue advised Crutchfield to plead guilty when there was insufficient evidence to support the charges. A hearing was held before Circuit Court Judge Robert Timm. Judge Timm held that Crutchfield had entered a voluntary plea and that Blue was not "deficient." Crutchfield did not appeal Judge Timm's decision.

[¶ 4.] On January 10, 2002, Crutchfield filed a second application for writ of habeas corpus. James Eirinberg was appointed to represent Crutchfield. The second petition raised two grounds for relief: 1) that Pollard denied him effective assistance of counsel; and 2) that his twelve-year prison sentence constituted cruel and unusual punishment.

[¶ 5.] In the amended petition, Crutchfield identified specific instances of ineffective assistance of counsel on Pollard's part: (a) he failed to raise the issue concerning the voluntariness of the plea, (b) he failed to raise the issue alleging that Crutchfield attempted to withdraw his guilty plea, (c) he failed to raise the issue regarding Blue's alleged failure to preserve Crutchfield's appeal, (d) he failed to show that Blue could have called witnesses to im-

peach the State's witnesses, (e) he failed to show that the waiver of the preliminary hearing was made without Crutchfield's informed consent, (f) he failed to raise the issue of alleged altered or incomplete recordings of police interviews with Crutchfield, and (g) he failed to raise the issue regarding Blue's failure to move to suppress evidence based on Crutchfield's contention that he requested counsel before his confession.

[¶ 6.] Circuit Court Judge Tim Tucker ruled that since the issue of cruel and unusual punishment was not raised in a direct appeal or prior habeas corpus action, it was barred by res judicata. He clarified that the issue can only be presented through a claim of ineffective assistance of counsel in the first habeas proceeding and allowed it to proceed in that manner. Judge Tucker ultimately held that the record does not establish that Pollard's representation fell below an objective standard of reasonableness or that there was gross error.

[¶ 7.] Judge Tucker issued a Restricted Certificate of Probable Cause, allowing Crutchfield to appeal the issue of ineffective assistance of counsel. Specifically, Crutchfield claims that Pollard was ineffective for: 1) failing to prove that Blue had rendered ineffective assistance of counsel in his failure to move to suppress evidence; 2) for failing to prove that Blue had rendered ineffective assistance of counsel for his failure to pursue a direct appeal on Crutchfield's behalf; and 3) failing to show that Blue rendered ineffective assistance of counsel in his failure to argue that the sentence constituted cruel and unusual punishment.

### Standard of Review

[¶ 8.] "Our standard of review for a habeas appeal is well established. Habeas corpus is not a substitute for direct review." *Jackson v. Weber*, 2001 SD 136, ¶ 9, 637 N.W.2d 19, 22 (citing *Weddell v. Weber*, 2000 SD 3, ¶ 13, 604 N.W.2d 274, 279). Habeas corpus is a "collateral attack upon a final judgment" and therefore our scope of review is limited. *Id.*

[¶ 9.] "A claim of ineffective assistance of counsel presents a mixed question of law and fact." *Coon v. Weber*, 2002 SD 48, ¶ 10, 644 N.W.2d 638, 642 (citing *Hofer v. Class*, 1998 SD 58, ¶ 7, 578 N.W.2d 583, 585). Findings of fact are reviewed under the clearly erroneous standard and questions of law are reviewed de novo. *Jackson*, 2001 SD 136, ¶ 9, 637 N.W.2d at 22.

[¶ 10.] **Whether Crutchfield is entitled to relief in his second habeas corpus action.**

[¶ 11.] This Court has stated that defendants "shoulder a heavy burden of proof in their ineffective assistance of counsel claims." *Coon*, 2002 SD 48, ¶ 11, 644 N.W.2d at 642. "They must prove '(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that such deficiency prejudiced the defendant.'" *Id.* (quoting *Rhines v. Weber*, 2000 SD 19, ¶ 13, 608 N.W.2d 303, 307). At times, it is preferable to consider the prejudice aspect first. *See Hays v. Weber*, 2002 SD 59, ¶ 16, 645 N.W.2d 591, 596 (noting that in order to determine whether counsel's inaction was deficient, it is first necessary to show that the defendant was prejudiced). In addition, where there is no trial the defendant's burden to show ineffective assistance of counsel is increased. *Coon*, 2002 SD 48, ¶ 12, 644 N.W.2d at 643. The defendant must show "gross error" by counsel. *Id.*

*Failure to suppress evidence*

[¶ 12.] In this second habeas petition, Crutchfield alleges for the first time

that he requested and was denied counsel prior to making statements to law enforcement. Based on this, he contends that Pollard was ineffective for failing to prove that Blue had rendered ineffective assistance of counsel in his failure to move to suppress his statements.

[¶ 13.] The trial court specifically found that Crutchfield's claim that he requested counsel is not supported by the record.[1] Judge Tucker's Findings of Fact provides, in relevant part:

> 13. The Petitioner's statement to the police was admissible. The Petitioner now claims for the first time in his second Habeas petition that he requested counsel prior to his statement. A review of the prior records in this case show there was not such request by the Petitioner. At the prior habeas hearings, when the issue of the interview came up during testimony, the Petitioner never claimed he was denied counsel.

It has not been shown that this finding by the trial court is clearly erroneous, therefore it has not been shown that Pollard rendered ineffective assistance of counsel for failing to prove that Blue was ineffective in his failure to move to suppress Crutchfield's statements.

*Failure of Blue to pursue an appeal*

[¶ 14.] In Crutchfield's first habeas action the issue regarding Blue's alleged failure to pursue a direct appeal was never raised. Crutchfield now asserts that Pollard was ineffective for failing to prove that Blue had rendered ineffective assistance of counsel for his alleged failure to pursue a direct appeal.

[¶ 15.] In making this claim, Crutchfield relies heavily on *Loop v. Solem*, 398 N.W.2d 140 (S.D.1986). In *Loop*, the defendant was charged with the offense of sexual contact with a child under fifteen years of age and was convicted by a jury. His attorney filed a timely Notice of Appeal but after reviewing the trial file he determined that there were no meritorious grounds for an appeal and did not file an appellate brief. The appeal was eventually dismissed for this reason. Loop then filed a writ of habeas corpus claiming ineffective assistance of counsel and we reinstated the direct appeal. *Id.* at 141.

[¶ 16.] Here, Crutchfield was not convicted by a jury, he pleaded guilty. Blue testified that after he found out that Crutchfield filed a Notice of Appeal himself, he asked Crutchfield to identify the issues that he wanted to appeal and then never heard back from him.[2] Therefore,

---

1. When asked about this issue during the second habeas corpus hearing, Blue testified as follows:

   Q: Are you sure that Mr. Crutchfield never talked about requesting an attorney be present prior to speaking with the police interviewer or just that you don't recall whether or not he did?

   A: No, he didn't tell me that he wanted an attorney present. He told me—even I think he sent a letter later that I sent to you saying something about he thought that [ ] the best thing to do was to cooperate.

   In addition, Pollard testified as follows:

   Q: Do you recall having any conversations with Mr. Crutchfield about the fact Mr. Crutchfield wanted to have an attorney present before he was interviewed by police?

   A: No. A lot of our conversations was Richard wanted to sue the county, he wanted a million dollars and he wanted me to represent him, so I would have to spend the time to explain to him that I was not a civil—I was not representing him in a civil matter, it was a Habeas Corpus, and I couldn't do those things.

2. Blue testified as follows:

   Q: [ ] Did you ever meet with Mr. Crutchfield regarding his desire to appeal?

   A: As I recall I got a letter from him and sent him a letter and told him to outline what points he wanted to appeal, and that was the last I heard from him.

the facts are distinguishable and Crutchfield has not shown that he was prejudiced by Pollard's failure to prove that Blue was ineffective for his failure to pursue a direct appeal.

*Failing to argue that the sentence is cruel and unusual*

[¶ 17.] Crutchfield asserts that Pollard was ineffective for failing to claim that Crutchfield's sentence constitutes cruel and unusual punishment. He argues that regardless of whether Crutchfield informed him that he wanted to challenge his sentence on this basis, "[i]t should have been evident to a seasoned defense attorney that a twelve year sentence for an individual with virtually no criminal record and where the victim suffered no injury, was an arguable issue."

[¶ 18.] This Court has held that: In reviewing sentences for violations of the Eighth Amendment, we utilize the "grossly disproportionate" standard. We determine whether a sentence is grossly disproportionate by considering the conduct involved in the crime, relevant past conduct of the defendant and we give "utmost deference to the Legislature and the sentencing court."

*State v. Mollman,* 2003 SD 150, ¶ 30, 674 N.W.2d 22, 31 (citing *State v. Pugh,* 2002 SD 16, ¶ 19, 640 N.W.2d 79, 85).

[¶ 19.] Crutchfield, a 30–year–old man, admitted to having sexual contact with a 13–year–old girl, after giving her liquor to the extent that she became intoxicated. He pleaded guilty to one count of sexual contact with a child under the age of sixteen and was sentenced to twelve years in prison, which is within the statutory maximum.

[¶ 20.] Based on the above, it has not been shown that Crutchfield's sentence was grossly disproportionate. Therefore, Crutchfield has failed to prove that he was

prejudiced by Pollard's failure to challenge his sentence in his first habeas corpus proceeding.

[¶ 21.] In addition to finding no merit to Crutchfield's claims alleging ineffective assistance of counsel, relief in this second habeas action must be denied because Crutchfield has failed to show prejudice resulting from a defect in his plea of guilty. In *Jackson v. Weber* we stated that "ineffective assistance of counsel at a prior habeas proceeding is not alone enough for relief in a later habeas action." 2001 SD 136, ¶ 17, 637 N.W.2d at 23. Any subsequent habeas proceeding must be "directed to error in the original trial or plea of guilty." *Id.* Therefore, under *Jackson v. Weber,* the defendant must show he received ineffective assistance of counsel resulting in prejudice in the main event. He must do so with evidence, an offer of proof or other adequate means.

[¶ 22.] The issue is the effectiveness of Crutchfield's first counsel and the prejudice, if any, resulting therefrom. Therefore, under *Jackson,* Crutchfield must show that he is entitled to relief because of prejudice resulting from a defect in his plea of guilty, which was the main event. He must do so with evidence, an offer of proof or other adequate means. Since he has failed to show prejudice in the main event, his habeas appeal is dismissed.

[¶ 23.] GILBERTSON, Chief Justice, and, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.