2005 SD 85

**James SMITH, Petitioner
and Appellant,**

v.

**Douglas WEBER, Warden of the South
Dakota State Penitentiary, Respondent
and Appellee.**

No. 22924.

Supreme Court of South Dakota.

Argued March 22, 2005.

Decided July 6, 2005.

James A. Eirinberg, Sioux Falls, SD, for petitioner and appellant.

Lawrence E. Long, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, SD, for respondent and appellee.

WILBUR, Circuit Judge.

[¶ 1.] James E. Smith appeals the denial of habeas corpus relief in his second habeas corpus appeal. We affirm.

## FACTS

[¶ 2.] The facts underlying this case are outlined in *State v. Smith,* 477 N.W.2d 27 (S.D.1991). On the morning of October 16, 1989, James Elmer Smith (Smith) and Paul T. Wood (Wood) set out to rob a bank in Fairview, South Dakota. They placed various weapons in the trunk of the car. The weapons included a .32 caliber handgun and a .22 caliber handgun. The two men drove separate cars to an abandoned farmhouse north of Fairview. Smith then drove Wood and himself to Fairview in one of the vehicles.

[¶ 3.] When the men entered the bank six people were present. Smith announced, "This is a bank robbery" and ordered everyone to get on the floor. Lorraine Niemeyer, Mary Stensland, Delores Brown and her children did not comply. Smith struck Brown on the shoulder then turned toward Stensland and fired his gun, wounding her at the base of her neck. Stensland bled to death in a few minutes. Smith then jumped over the counter, leaving footprints on the countertop which matched tennis shoes taken from him after

the arrest. He collected approximately $14,000 from the vault. Many of the bills were bait money with the serial numbers on file at the bank.

[¶ 4.] Sometime later, Lincoln County Sheriff Kenneth Albers received a report that the suspects were stopped west of the Missouri River driving a 1978 white and blue Dodge Aspen, which they had purchased in Mitchell earlier that day. Smith was advised of his rights and placed under arrest. His pockets contained a large amount of money and an Oklahoma driver's license bearing the name David Ellis McCalip. Twenty-five $20 bills found in Smith's possession had serial numbers matching bills taken from the bank in Fairview. A search of the car, pursuant to a warrant, revealed more marked money, a police equipment belt with a .357 Magnum revolver, .22 Super X long rifle bullets, a police radio call book, a police radio scanner, a stun gun and some police uniform clothing.

[¶ 5.] On March 23, 1990 Smith was tried and convicted by a Lincoln County jury of first degree murder, first degree robbery and commission of a felony while armed with firearms. After the guilt phase, the State presented evidence in support of the death penalty but the jury refused to impose it and Smith was sentenced to the South Dakota State Penitentiary for the remainder of his life. Smith filed his first application for a writ of habeas corpus in the First Judicial Circuit, Lincoln County, South Dakota (first habeas action.) The court in the first habeas action issued a letter decision on October 12, 2000, denying Smith's request for habeas corpus relief. Although a certificate of probable cause was issued on October 2, 2001, Smith did not appeal the decision in the first habeas action.

[¶ 6.] On November 21, 2001 Smith filed a second petition for a writ of habeas corpus in the Second Judicial Circuit[1], Lincoln County, South Dakota. The court in the second habeas action issued a letter decision denying Smith habeas relief on April 7, 2003. Based upon a restricted certificate of probable cause issued by the circuit court on July 2, 2003, Smith appeals raising the following issues:

Whether the trial court's failure to give complete accomplice instructions to the jury, and trial counsel's failure to request the instructions merit habeas corpus relief.

Whether Smith received ineffective assistance of counsel by Attorney Golden in his first habeas action.

Whether Smith received ineffective assistance of counsel by Attorney Peterson in his second habeas action.

## STANDARD OF REVIEW

[¶ 7.] Habeas corpus is a collateral attack on a final judgment and, therefore, our scope of review is limited. *Lodermeier v. Class*, 1996 SD 134, ¶ 3, 555 N.W.2d 618, 621. A habeas applicant bears the initial burden to establish a colorable claim for relief. *Jenner v. Dooley*, 1999 SD 20, ¶ 11, 590 N.W.2d 463, 468. Accordingly, the State has only the burden of meeting the petitioner's evidence. *Davi v. Class*, 2000 SD 30, ¶ 26, 609 N.W.2d 107, 114. The habeas court's factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed de novo. *Meinders v. Weber*, 2000 SD 2, ¶ 5, 604 N.W.2d 248, 252 (citations omitted).

[¶ 8.] In order to succeed on an ineffective assistance of counsel claim a

---

1. As a result of court reorganization Lincoln County was transferred from the First Judicial Circuit to the Second Judicial Circuit. (Supreme Court Order, Aug. 10, 1999).

defendant must show: 1) that counsel's performance was deficient; and, 2) that the deficient performance prejudiced the defense. The test for prejudice is whether there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Hays v. Weber*, 2002 SD 59, ¶ 14, 645 N.W.2d 591, 596. Furthermore, counsel is presumed competent, and that presumption must be overcome by applying the *Strickland* test. *Ramos v. Weber*, 2000 SD 111, ¶ 12, 616 N.W.2d 88, 92.

## DECISION

[¶ 9.] **Smith is not entitled to relief based upon the trial court's failure to give complete accomplice instructions or trial counsel's failure to request the instructions.**

[¶ 10.] During the trial and at the end of the trial, the trial court instructed the jury, pursuant to pattern jury instruction 1–14–8, to view the testimony of an accomplice with caution. However, the court did not give and trial counsel did not request pattern instruction 1–14–7, which requires corroboration of an accomplice's testimony by evidence which tends to connect the defendant with the commission of the offense. This omission, which was not noticed until Smith's second habeas corpus proceeding, is the basis of his first claim of error and is an aspect of his ineffective assistance of counsel claims against his habeas counsel. Smith contends the error in not giving the instruction constitutes plain error. While the trial court's failure to give the instruction was clearly error, we disagree that failure to give the instruction is plain error.

[¶ 11.] "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." SDCL 23A–44–14. "Jury instructions are satisfactory when, considered as a whole, they properly state the applicable law and inform the jury." *State v. Downing*, 2002 SD 148, ¶ 26, 654 N.W.2d 793, 800 (quoting *State v. Webster*, 2001 SD 141, ¶ 7, 637 N.W.2d 392, 394). "An erroneous instruction is prejudicial if in all probability it produced some effect upon the verdict and is harmful to the substantial rights of the party assigning it." *State v. Mattson*, 2005 SD 71, ¶ 50, 698 N.W.2d 538, 554 (quoting *First Premier Bank v. Kolcraft Enterprises, Inc.*, 2004 SD 92, ¶ 40, 686 N.W.2d 430, 448).

[¶ 12.] SDCL 23A–22–8 requires an accomplice's testimony to be corroborated in order to sustain a conviction. It states:

> A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

Even absent the accomplice testimony in this case, the evidence at trial against Smith was more than sufficient to support the jury verdict.

[¶ 13.] Smith's trial counsel testified at the first habeas hearing that the accomplice testimony was "accumulative [sic]." Counsel specifically testified, "I don't think this case turned on—whether [the accomplice] would have testified or not, I don't think the outcome would have been any different . . . on the guilt phase." Counsel also testified that the State's case against Smith was strong and there was great evidence of guilt.

[¶ 14.] The great evidence of guilt included the following: When Smith was arrested, bait money from the bank was discovered on his person. A search of the trunk of the car Smith was driving at the

time of his arrest revealed additional bait money as well as handguns, ammunition, a police radio call book, a radio scanner, a stun gun and police uniform clothing. The Reebok tennis shoes Smith was wearing at the time of his arrest matched a footprint left on the countertop during the robbery of the bank. There was testimony that Smith purchased a 1976 Plymouth Fury on October 13, 1989. Another witness identified a photo of the Plymouth as the vehicle she saw driving away from the bank after the robbery on October 16, 1989. Two other witnesses testified that Smith raised the subject of robbing a bank and attempted to recruit them prior to the testimony from other witnesses linking Smith to accomplice Wood both prior to and after the robbery. Finally, three witnesses, in addition to Wood, who were in the bank at the time of the robbery provided testimony which indicated Smith was the robber who had shot Mary Stensland.

[¶ 15.] This Court has reviewed similar claims of error regarding failure to properly instruct on accomplice testimony. In *Grooms v. State*, 320 N.W.2d 149, 152 (S.D.1982), the accomplice's testimony was of crucial importance to the outcome of the case. The accomplice in *Grooms* was the sole witness to testify about the crime and all the other witnesses presented only circumstantial evidence. Smith's case is distinguishable in that the accomplice's testimony was not of crucial importance. Several witnesses provided direct evidence against Smith.

[¶ 16.] In *State v. Beene*, 257 N.W.2d 589 (S.D.1977), the trial court gave the corroboration instruction but failed to give the cautionary instruction which is the opposite of this case. The *Beene* court held the failure to give the cautionary instruction was reversible error because the State's case turned upon the accomplice's testimony. *Id.* at 591–592. Here, the State's case did not turn on the testimony of Wood.

[¶ 17.] Similarly, in *Freeman v. Class*, 95 F.3d 639, 641 (8thCir.1996), "[t]he only direct evidence in the record linking Freeman to the theft of the automobile [was] the testimony of the accomplice, David Primeaux. There were no eyewitnesses." In Smith's case there were several eyewitnesses.

[¶ 18.] Finally, in *Hays*, 2002 SD 59 at ¶¶ 8, 10 & 24, 645 N.W.2d at 594, 600, this Court found no prejudice in the trial court's failure to give or counsel's failure to request accomplice instructions. The record in this case, where the jury was cautioned orally during Wood's testimony and, again, later, in writing, to view the accomplice testimony with caution, requires a similar result in light of the overwhelming evidence of Smith's guilt at trial.

[¶ 19.] Smith urges application of plain error analysis but, under settled law, " 'the defendant bears the burden of showing the error was prejudicial.' " *Rodriguez v. Weber*, 2000 SD 128, ¶ 24, 617 N.W.2d 132, 141 (quoting *State v. Nelson*, 1998 SD 124, ¶ 8, 587 N.W.2d 439, 443).

Plain error requires (1) error, (2) that is plain, (3) affecting substantial rights; and only then may we exercise our discretion to notice the error if (4) it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." We invoke our discretion under the plain error rule cautiously and only in "exceptional circumstances." Such circumstances may include cases in which " 'a miscarriage of justice would otherwise result,' " *i.e.*, a defendant is actually innocent.

*Id.* (alteration in original) (internal citations omitted).

[¶ 20.] Because this is a habeas proceeding, Smith must make a greater

showing to establish plain error than if the matter had been raised on direct appeal. *Williams v. Calderon*, 48 FSupp2d 979, 997 (C.D.Cal.1998) (citing *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)), *vacated in part on other grounds by* 384 F.3d 567 (9thCir.2004).

[¶ 21.] The error in this case did not affect Smith's substantial rights because Smith's convictions were not substantially procured by the accomplice testimony. In fact, the record indicates overwhelming evidence of Smith's guilt completely independent of the accomplice testimony. In addition, the cautionary instruction, given orally during the trial and in writing after the conclusion of the evidence, together with the other instructions gave adequate notice regarding the accomplice testimony. Therefore, we decline to invoke our discretion under the plain error rule and conclude the error in not giving or not requesting the corroboration instruction was harmless.

[¶ 22.] Smith claims in his remaining issues that he received ineffective assistance of habeas counsel at his first and second habeas hearings. Under *Jackson v. Weber*, 2001 SD 136, ¶ 17, 637 N.W.2d 19, 23, the standard of review for ineffective habeas counsel is the *Strickland* standard: "[I]neffective assistance of counsel at a prior habeas proceeding is not alone enough for relief in a later habeas action. *Any new effort must eventually be directed to error in the original trial or plea of guilty.*" (emphasis added).

[¶ 23.] Smith raised thirty-three issues in his first habeas, all of which were rejected as grounds for habeas relief. Smith did not appeal that decision but instead opted to file a second habeas petition in which he raised several issues including, for the first time, the failure to properly instruct. Throughout these proceedings Smith has failed to establish reversible error in "the main event", the original trial. Therefore, Smith's claims of ineffective assistance of habeas counsel must fail. *See Crutchfield v. Weber*, 2005 SD 62, ¶ 21, 697 N.W.2d 756, 761 (applicant's failure to show prejudice in original trial or guilty plea proceedings requires denial of subsequent application for habeas relief).

[¶ 24.] We affirm the trial court's denial of habeas relief.

[¶ 25.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, concur.

[¶ 26.] WILBUR, Circuit Judge, for MEIERHENRY, Justice, disqualified.